UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARGARET MILLER-HOTCHKISS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SAFEWAY, INC.,<br><br>　　　　　Defendant. | CASE NO. 23-cv-908<br><br>ORDER DENYING MOTION TO AMEND ANSWER AND FRCP 26(A)(2) EXPERT DISCLOSURE STATEMENT |

This matter comes before the Court on Defendant Safeway, Inc.'s motion for leave to amend its Answer to include additional affirmative defenses and to amend its FRCP 26(a)(2) Expert Disclosure Statement to add a human factors expert. Dkt. No. 26. Because the deadline for amended pleadings and FRCP 26(a)(2) expert disclosures passed on July 15, 2024, *see* Dkt. No. 9, Safeway sought Plaintiff Margaret Miller-Hotchkiss's consent for these late amendments. *See* Dkt. No. 26 at 6. Miller-Hotchkiss refused consent, *see id.*, and opposes this motion. *See* Dkt. No. 29. Having reviewed the parties' briefing, the record, and the law, the Court DENIES the motion for the reasons explained below. Dkt. No. 26.

ORDER DENYING MOTION TO AMEND ANSWER AND FRCP 26(a)(2) EXPERT DISCLOSURE STATEMENT - 1

1  First, the Court addresses Safeway's request to amend its Answer. "Under Federal Rule of Civil Procedure 16(b), a party seeking to amend a pleading after the scheduling order's deadline for doing so must show 'good cause' for amendment." *Seattle Pac. Indus., Inc. v. S3 Holding LLC*, 831 F. App'x 814, 816 (9th Cir. 2020) (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992)). "A plaintiff who fails to 'demonstrate diligence in complying with the dates set by the district court ... has not demonstrated good cause.'" *Id.* (quoting *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087–88 (9th Cir. 2002)). While a court's good-cause inquiry may consider prejudice and other factors, "if [the moving party] was not diligent, the inquiry should end." *Johnson*, 975 F.2d at 609.

Here, Safeway seeks—nearly eight months after the deadline for amended pleadings—to amend its Answer to add several affirmative defenses, all of which it characterizes as "standard common law defenses to any premises liability cause of action." Dkt. No. 26 at 4. Safeway argues that these added defenses will not surprise or prejudice Miller-Hotchkiss because they are "'the' standard defenses to a slip-and-fall claim[.]" *Id.* But this argument weighs *against* the motion. Safeway offers no explanation as to why it did not offer these routine, foreseeable defenses earlier. When assessing good cause under Rule 16(b), courts consider "whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1388 (9th Cir. 1990). Because Safeway should have known to assert these defenses, the Court, finding a lack of diligence, DENIES the request for leave to amend. *See Acri v. Int'l Ass'n of Machinists & Aerospace Workers*, 781 F.2d 1393, 1398 (9th Cir. 1986

ORDER DENYING MOTION TO AMEND ANSWER AND FRCP 26(a)(2) EXPERT DISCLOSURE STATEMENT - 2

("[L]ate amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action."); *Seattle Pac. Indus., Inc.*, 831 F. App'x at 816–17.

Next, the Court turns to Safeway's request to amend its expert disclosure statement. "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "[A] district court may properly impose an exclusion sanction where a noncompliant party has failed to show that the discovery violation was either substantially justified or harmless." *Merchant v. Corizon Health, Inc.*, 993 F.3d 733, 740 (9th Cir. 2021). "In considering whether a violation of a discovery deadline is justified or harmless, courts consider (1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence." *W. Towboat Co. v. Vigor Marine, LLC*, No. C20-0416-RSM, 2021 WL 2156694, at *1 (W.D. Wash. May 27, 2021) (citing *Lanard Toys Ltd. v. Novelty, Inc.*, 375 F. App'x 705, 713 (9th Cir. 2010)). The burden falls on the party facing exclusion to demonstrate that these factors support relief from the deadline. *Id.*

Here, the factors weigh against relief. As to the first factor, Safeway argues that adding their expert would cause no prejudice to Miller-Hotchkiss because Miller-Hotchkiss has her own human factors expert. Dkt. No. 26 at 5. The Court is not persuaded. With discovery closed and trial fast approaching, allowing Safeway

ORDER DENYING MOTION TO AMEND ANSWER AND FRCP 26(a)(2) EXPERT DISCLOSURE STATEMENT - 3

to add a new expert at this late date—which, in turn, would warrant giving Miller-Hotchkiss additional time to depose and rebut that expert—would unreasonably disrupt the schedule set by the Court, especially given the multiple extensions that the Court has already granted. *See Wong v. Regents of the Univ. of Cal.*, 410 F.3d 1052, 1062 (9th Cir. 2005).

As to the second factor, Safeway argues that Miller-Hotchkiss can cure any prejudice by taking its expert's deposition. Dkt. No. 26 at 5. Again, the Court is not persuaded. A central "goal of [Rule] 26(a)(2) is to allow parties to prepare for expert depositions and to shorten or decrease the need for expert depositions." *Koho v. Forest Labs., Inc.*, C05-667RSL, 2015 WL 11201281, at *6 (W.D. Wash. Mar. 31, 2015). The unforeseen burden of having to take additional deposition testimony is simply not warranted at this late stage in the case.

As to the third factor, the Court finds Safeway's request incompatible with the existing case schedule, especially given that the deadline for *Daubert* motions has passed.

As to the fourth factor, the Court makes no finding of bad faith or willfulness.

On balance, the factors support a conclusion that allowing Safeway to amend its FRCP 26(a)(2) Expert Disclosure Statement in the manner requested is neither harmless nor substantially justified. The request is therefore DENIED.

Dated this 21st day of April, 2025.

Jamal N. Whitehead
United States District Judge

ORDER DENYING MOTION TO AMEND ANSWER AND FRCP 26(a)(2) EXPERT DISCLOSURE STATEMENT - 4